**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH MORGAN, on behalf of Plaintiff and the class members described below, ) ) ) | |
| v. ) ) ) | 1:22-cv-03674 |
| WEST SIDE LENDING, LLC; ) JENNIFER PETERS; ) WOLF RIVER DEVELOPMENT COMPANY; ) NEW PLATFORM FUND, LLC; and ) JOHN DOES 1-20, ) ) Defendants. ) | Hon. John Robert Blakey |

**INDIVIDUAL INITIAL STATUS REPORT**

**I.  Type of Status Report**

Plaintiff Joseph Morgan ("Plaintiff") submits this initial status report individually. Defendants, West Side Lending, LLC, Jennifer Peters, Wolf River Development Company, and New Platform Fund, LLC (collectively, "Defendants"), have yet to appear in this matter.[1] Because Defendants have not appeared, Plaintiff submits the following initial status report:

**II.  Service of Process**

On August 25, 2022, Plaintiff served Defendants West Side Lending, LLC, Wolf River Development Company, and New Platform Fund, LLC. Plaintiff's process server is preparing affidavits of service which Plaintiff's counsel will promptly file when in hand. On August 25, 2022, Plaintiff attempted to serve Defendant Jennifer Peters, but was unsuccessful. Plaintiff agreed not to oppose Defendants' efforts to extend their responsive pleading deadline to October 3, 2022. In exchange, all Defendants have agreed to waive service. Plaintiff has not yet identified or served John Does 1-20.

**III.  The Nature of the Case**

  A.  Attorneys of Record

Plaintiff is represented by Daniel A. Edelman (lead trial attorney), Tara L. Goodwin, Julie Clark, and Matthew J. Goldstein of Edelman, Combs, Latturner & Goodwin, LLC. Daniel A. Edelman and Tara L. Goodwin are members of the trial bar of the Northern District of Illinois.

---

[1] Defendants are represented by Spencer Fane LLP, but they have not yet appeared.

1

B. Jurisdiction

This Court has subject matter jurisdiction under 18 U.S.C. § 1664 (RICO), 28 U.S.C. § 1331, and 28 U.S.C. § 1337. Jurisdiction may also exist under 28 U.S.C. § 1332(d), depending on the number and amount of loans as well as damages. Plaintiff is a citizen of the state of Illinois. Defendants are citizens of the State of Wisconsin. This Court has jurisdiction over each Defendant under 735 ILCS 5/2-209 because each Defendant was involved in the making of usurious and illegal loans to Illinois residents via an interactive website. Venue in the District is proper because the loan was made to a resident of Naperville, Illinois.

Defendants challenge this Court's jurisdiction to hear this case. Defendants West Side Lending, LLC, Wolf River Development Company and New Platform Fund, LLC are tribal limited liability companies. They are wholly-owned and operated subsidiaries, and economic arms, and instrumentalities of the Menominee Indian Tribe of Wisconsin ("Tribe"). The Tribe is a federally recognized Indian tribe, organized under a Constitution pursuant to the Indian Reorganization Act of 1934, 48 Stat. 984, 25 U.S.C. §§ 5105, et seq., as amended, and is identified on the United States Department of Interior's list of federally acknowledged Indian Tribes. 85 Fed. Reg. 5462, 5464 (Jan. 30, 2020). They act as duly authorized arms of the Tribe. As arms of the Tribe, they possess all of the privileges and immunities of the Tribe, including immunity from suit. As such, this Court lacks both personal and subject matter jurisdiction to hear this case. This Court also lacks personal jurisdiction over Jenifer Peters, a citizen of both Wisconsin and the Menominee Indian Tribe of Wisconsin. She has no meaningful contact with Illinois nor has she subjected herself to this Court's jurisdiction. Finally, this District is not the proper venue for this case. Plaintiff, by contract, consented to a forum selection clause providing that Plaintiff's claims must be arbitrated with the American Arbitration Association.[2]

Plaintiff disagrees. Defendants have no plausible entitlement to tribal sovereign immunity as the underlying lending operation is not a tribal enterprise and the beneficial owners are non-tribal persons. The arbitration clause is invalid as it operates as a prospective waiver of statutory rights. It is also unconscionable.

C. Nature of Claims Asserted & Relief Sought

Plaintiff Joseph Morgan alleges that the Defendants made, and are in the business of making, usurious and illegal loans—with interest rates exceeding 700%—to Illinois residents in a scheme to evade state usury and consumer protection laws. Plaintiff, for himself and on behalf of putative classes, seeks injunctive and declaratory relief pursuant to the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq*. and the Illinois Predatory Loan Prevention Act 815 ILCS 123/15-1-1 *et seq*., damages pursuant to the Illinois Interest Act, 815 ILCS 205/6, and treble damages under RICO.

D. Major Legal & Factual Issues

      i. Whether Defendants' practices violated the Illinois Consumer Fraud Act, 815 ILCS 505/1 *et seq*;

---

[2] Plaintiff has incorporated Defendants' position as provided by Defendants' counsel.

    ii. Whether Defendants' practices violated the Illinois Predatory Loan Prevention Act 815 ILCS 123/15-1-1 *et seq.*;
    iii. Whether Defendants' practices violated the Illinois Interest Act, 815 ILCS 205/6;
    iv. Whether Defendants' practices violated RICO 18 U.S.C. § 1664;
    v. The injunctive and declaratory relief to which Plaintiff and/or the putative class members are entitled;
    vi. The damages to which Plaintiff and/or the putative class members are entitled;
    vii. Whether Plaintiff can satisfy the requirements for class certification under Rule 23;
    viii. Whether there is a binding arbitration agreement between the parties such that the Federal Arbitration Act, 9 U.S.C §§ 1-16 ("FAA") applies requiring the case to be stayed and compelled to arbitration;
    ix. Whether Plaintiff entered a loan agreement containing a valid class action waiver clause whereby Plaintiff waived his right to act as a class representative in a class action; and
    x. Whether Defendants are entitled to tribal sovereign immunity and are subject to suit in this Court.

## IV. <u>Pending Motions & Case Plan</u>

### A. Pending Motions

There are no pending motions. Defendants notify the Court that they will file a Motion to Compel Arbitration, Motion and to Dismiss and Motion to Strike Class Action Allegations. Plaintiff entered into a contract containing an Arbitration Provision, which required that all disputes be resolved by binding arbitration in the American Arbitration Association ("AAA") and which contained a class action waiver. The case should otherwise be dismissed as (1) this Court lacks personal jurisdiction over Defendants; (2) Plaintiff has failed to state a claim for relief against Defendants; (3) Defendants are not the real parties in interest and (4) Defendants are entitled to sovereign immunity from suit.[3]

### B. Discovery Plan

Plaintiff requests that this Court set discovery deadlines after Defendants appear. However, if this Court wishes to set deadlines, Plaintiff proposes the following discovery plan:

    i. Plaintiff requires written discovery, including electronically stored information, depositions, third party discovery, and possibly expert discovery.
    ii. 26(a)(1) disclosures due November 1, 2022.
    iii. Date to Issue Written Discovery: January 30, 2023.
    iv. Plaintiff does not anticipate the need for entry of a protective order.

---

[3] Plaintiff has incorporated Defendants' position as provided by Defendants' counsel.

    v. Plaintiff does not anticipate the need for HIPPA waivers.
    vi. Fact Discovery Cut Off: September 29, 2023
    vii. Expert Discovery: Plaintiff may not require expert discovery, and requests to set these deadlines at a future date.
    viii. Dispositive motions due: October 30, 2023.
    ix. Deadline for Plaintiff to File Motion for Class Certification: May 31, 2023.

  C. Trial

    i. Plaintiff demands trial by jury.
    ii. Trial will likely take 2-4 days.

**V.** **Consent to Appear Before a Magistrate Judge**

 Plaintiff is not prepared at this time to consent to proceed before a Magistrate Judge.

**VI.** **Settlement**

  A. The Parties have discussed settlement of this matter.

  B. Plaintiff does not request a settlement conference at this time.

            Respectfully submitted,

            */s/ Matthew J. Goldstein*
            Matthew J. Goldstein

Daniel A. Edelman
Tara L. Goodwin
Dulijaza (Julie) Clark
Matthew J. Goldstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
dedelman@edcombs.com
tgoodwin@edcombs.com
jclark@edcombs.com
mgoldstein@edcombs.com
Email address for service: courtecl@edcombs.com

## **CERTIFICATE OF SERVICE**

      I, Matthew J. Goldstein, hereby certify that on Monday, August 29, 2022, I caused a true and accurate copy of the foregoing document to be filed via the court's CM/ECF online system, which sent notice via email to all counsel of record.

                                                       */s/ Matthew J. Goldstein*
                                                        Matthew J. Goldstein

Daniel A. Edelman
Tara L. Goodwin
Dulijaza (Julie) Clark
Matthew J. Goldstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
dedelman@edcombs.com
tgoodwin@edcombs.com
jclark@edcombs.com
mgoldstein@edcombs.com
Email address for service: courtecl@edcombs.com